[ ] AMENDED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

_____

**In re:**                                                                                       **Case No.**

　　MARQUIS PHILLIPS

**Debtor(s).**                                                                              **Chapter 13**

_____

**CHAPTER 13 PLAN**

_____

**ADDRESS:**　(1)　2651 BARBARA APT.3　　　　　　(2) _____
　　　　　　　　　 Memphis, TN 38128　　　　　　　　　　　 _____

**PLAN PAYMENT:**

　　**DEBTOR (1)** shall pay $ 30_____　(✓) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

　　　(✓) **PAYROLL DEDUCTION** from:　FAMILY DOLLAR_____　　**OR**　( ) **DIRECT PAY**.
　　　　　　　　　　　　　　　　　　　　 BOX 1017
　　　　　　　　　　　　　　　　　　　　 CHARLOTTE NC 28201

　　**DEBTOR (2)** shall pay $ _____　( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

　　　( ) **PAYROLL DEDUCTION** from:　_____　　**OR**　( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) **CONTAINS A NON-STANDARD PROVISION.　[See plan provision #19]**　　　( ) YES　(✓) NO

   (B) **LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE**　　( ) YES　(✓) NO
       **COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]**

   (C) **AVOIDS A SECURITY INTEREST OR LIEN.　[See plan provision #12].**　　　( ) YES　(✓) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:　　Monthly Plan Payment:

   _____; ongoing payment begins _____　$ _____
   　　　　　　Approximate arrearage: _____　$ _____
   _____; ongoing payment begins _____　$ _____
   　　　　　　Approximate arrearage: _____　$ _____

5. **PRIORITY CLAIMS:**
   _____　Amount: _____　$ _____
   _____　Amount: _____　$ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( ) Paid by Trustee to:

   _____; ongoing payment begins _____　$ _____
   　　　　Approximate arrearage: _____ Interest _____%　$ _____
   _____; ongoing payment begins _____　$ _____
   　　　　Approximate arrearage: _____ Interest _____%　$ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a)(5)]　　Value of Collateral:　　Rate of Interest:　　Monthly Plan Payment:
   _____　_____　_____%　$ _____
   _____　_____　_____%　$ _____
   _____　_____　_____%　$ _____

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325(a)]        Value of Collateral:        Rate of Interest:        Monthly Plan Payment:
_____    _____    _____%    $ _____
_____    _____    _____%    $ _____
_____    _____    _____%    $ _____

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

_____    Collateral: _____
_____    Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

                                        Amount:                Rate of Interest:        Monthly Plan Payment:
_____    _____    _____%    $ _____
_____    _____    _____%    $ _____
_____    _____    _____%    $ _____

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

_____    ( ) Not provided for    OR ( ) General unsecured creditor
_____    ( ) Not provided for    OR ( ) General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

_____
_____

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** _____.

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

( ) _____%, OR,

(✓) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

_____    ( ) Assumes    OR    ( ) Rejects.
JENNIFER MEADOWS_____    (✓) Assumes    OR    ( ) Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately  60  months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

_____
_____
_____.

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/Thomas C. Fila_____    DATE: 1/9/19_____.
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**